IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

GERSON AYALA ROMERO,           )
                               )
         Petitioner,           )
                               )
    v.                         )          CV 116-170
                               )
BENJAMIN FORD, Warden,         )
                               )
         Respondent.           )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is now before the Court

for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the

reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be

**DISMISSED** as untimely and this civil action be **CLOSED**.

## I.    BACKGROUND

On August 19, 2010, Petitioner pleaded guilty to several counts of armed robbery,

kidnapping, aggravated assault, possession of a firearm during the commission of a crime,

possession of a knife during commission of a crime, and theft by taking in the Superior Court

of Columbia County, Georgia. (Doc. no. 1, p. 1.) Petitioner states he was sentenced to serve

twenty years in prison with sixty years of probation on August 19, 2010, which is also the

date of the judgment of conviction. (Id.) Petitioner does not report filing a direct appeal, but

he did file a state habeas corpus petition in the Superior Court of Lowndes County, Georgia

on August 19, 2013. (Id. at 3.) Petitioner further states he does not know when the Superior

Court denied relief, (id. at 6), but according to an attachment to his brief in support of his federal petition, the assistant attorney general submitted a proposed order to the presiding judge on October 6, 2015. (Doc. no. 3-1.) The Supreme Court of Georgia denied Petitioner's request for a certificate of probable cause to appeal on September 6, 2016. (Doc. no. 1, pp. 6, 36.)

Petitioner executed the instant habeas corpus petition on September 16, 2016. (Doc. no. 1, p. 15.) The Middle District of Georgia filed the petition on September 20, 2016, and United States District Judge Leslie J. Abrams transferred the case to this District because Petitioner was convicted in Columbia County, which is located within the Augusta Division of the Southern District of Georgia. (Doc. nos. 1, 4.) Petitioner claims: (1) he did not receive adequate interpretation services; (2) his guilty plea was not knowing, intelligent, and voluntary; (3) his Boykin v. Alabama, 395 U.S. 238 (1969) rights were violated under due process because he did not understand his Fifth Amendment right against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers; and (4) his trial counsel was ineffective. (Doc. no. 1, pp. 16-35.)

## II. DISCUSSION

### A. The Petition Is Time-Barred.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

(1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal following his conviction and judgment on August 19, 2010, his conviction became "final" when the thirty day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final in September of 2010.

The Court recognizes, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner states he did not file his state habeas petition until August 19, 2013. (Doc. no. 1, p. 3.) Therefore, the one-year limitations period for filing a federal petition had already expired by the time he filed his state habeas petition, meaning no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir.

2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing <u>Moore v. Crosby</u>, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition filed in September of 2016, over one year after his convictions became final in September of 2010, is untimely.

**B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.**

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner acknowledges there may be a timeliness issue with his motion, (<u>see</u> doc. no. 1, p. 30), but has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections for any of his claims. Thus, the Court concludes there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate either he is entitled to equitable tolling or a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S._, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more

5

likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition. Nor has he presented any evidence, much less new, reliable evidence, to show he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, by pleading guilty, he admitted the facts forming the basis for his numerous convictions. Rather, it appears from the stated grounds for relief and attachments to his petition, Petitioner is upset he did not receive the sentence he believed he should have received after entering a guilty plea rather than going to trial. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of October, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA