IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GERSON AYALA ROMERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-170 |
| | ) | |
| BENJAMIN FORD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 9.) The Magistrate Judge recommended dismissal of the petition filed pursuant to 28 U.S.C. § 2254 on the basis it is untimely and Petitioner is not eligible for equitable tolling. (See doc. no. 7.) Nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, and only one objection warrants further comment.

Petitioner contends in his objections he is entitled to equitable tolling because he was not granted an interpreter to explain the AEDPA limitations period to him. (Doc. no. 9, pp. 1, 6, 8.) It is well-settled that ignorance of the law does not entitle a party to equitable tolling. Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); Burton v. Deloach, No. 2:06-CV-141-W, 2008 WL 2131398, at *5 (M.D. Ala. Mar. 13, 2008), *report and recommendation adopted*, No. 2:06CV141-WHA, 2008 WL 2131395 (M.D. Ala. May 20,

2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."). Thus, Petitioner is not entitled to equitable tolling and his petition is untimely.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the petition filed pursuant to 28 U.S.C. § 2254.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 16th day of November, 2016, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA